Barry E. SHELLEY

v.

George PATRICK, Superintendent; Randall E. Britton, Superintendent; Nancy Smith, Mail Inspector Supervisor; Noreen Greenleaf, Corrections Health Care Administrator; Elmer W. Younkin, Corrections Health Care Administrator; Prison Health Care Administration/Staff; Ernest Obrock, Dentist, PHS William Civiello; Michelle Driskel, Corrections Counselor; Michelle Ivicic, Unit Manager, Management of Units.

(W.D. Pa. No. 3–09–cv–00181).

Barry E. Shelley

v.

Jeffrey L. Mullen, Adult Probation/Parole (Supervisor); Scott W. Walker, Adult Probation/Parole (Officer); Edward Bakale, Adult Probation/Parole (Officer); Walter M. Fela, P.S.I. Investigator (Officer).

(W.D. Pa. No. 3–09–cv–00182).

Barry E. Shelley, Appellant.

No. 09–3947.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit L.A.R 27.4 and I.O.P. 10.6 Jan. 7, 2010.

Opinion filed: Jan. 20, 2010.

Barry E. Shelley, Rockwood, PA, pro se.

Kemal A. Mericli, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for Defendants.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Barry E. Shelly, proceeding *in forma pauperis*, appeals from an order of the District Court for the Western District of Pennsylvania denying his motions to proceed *in forma pauperis* and dismissing his complaints for failure to prosecute under Fed.R.Civ.P. 41(b). For the reasons that follow, we will summarily vacate and re-

mand to the District Court for further proceedings. *See* 3d Cir. L.A.R 27.4; I.O.P. 10.6.

## I.

On July 2, 2009, Shelley filed a motion to proceed *in forma pauperis* ("IFP") in the Western District of Pennsylvania with a civil complaint against prison administration and staff for alleged violations of his constitutional rights. (W.D. Pa. No. 09–cv–00181). The crux of his action is the claim that prison health personnel failed to provide adequate treatment for a problem with his right foot, which left him unable to walk properly, and for a cavity that went untreated for two years such that he became unable to eat without a "parcel plate." (Compl.2.) On July 9, 2009, Shelley filed a separate motion in the Western District to proceed IFP with a civil complaint against several parole officers for allegedly revoking his parole incident to a false arrest, failing to consider him for reparole, and making him serve time in excess of his sentence. (W.D. Pa. No. 09–cv–00181). In both cases, the District Court ordered Shelley to submit a new address (because it appeared that he had been released from prison) and either pay the filing fee or submit a valid IFP motion within twenty days.[1] Shelley complied, and on August 13, 2009, he submitted an IFP application in which he indicated that he had no employment, no income or assets, and no dependents. He also included an inmate account statement dated July 8, 2009, that reflected a negative (-) balance of $308.80.

On August 13, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Shelley's motion be denied in each case because his IFP application was "inadequate to justify *in forma pauperis* status" and because his underlying complaints were "futile." (Aug. 13, 2009, R&R 1–2.) On August 25, 2009, Shelley requested additional time to object to the R&R. The Magistrate Judge denied Shelley's request without explanation on August 31, 2009.[2] On September 10, 2009, after reviewing the record *de novo*, the District Court denied Shelley's motion to proceed *in forma pauperis*, and dismissed both complaints without prejudice for failure to prosecute.[3] Shelley filed a timely notice of appeal on October 7, 2009. Fed. R.App. P. 4(a)(1).

## II.

The District Court denied Shelley's IFP motions because it found his application inadequate, and appears then to have dismissed the complaints for failure to prosecute based on Shelley's failure to either satisfy the IFP requirements or pay the

---

1. These two actions were never formally consolidated, but it appears that the District Court has been treating them as such, entering identical dismissal orders on September 10, 2009, that include both civil action numbers in the caption (09–cv–181 and 09–cv–182). Shelley's notice of appeal likewise references both civil action numbers, and this judgment shall govern both cases.

2. It is unclear whether Shelley ever received this order as it appears to have been sent to the wrong address. The order reflects that it was sent to SCI Houtzdale on August 31, 2009, notwithstanding Shelley's notice of change of address which was docketed on August 13, 2009.

3. Although the District Court did not adopt the recommendation of the Magistrate Judge, it is worth noting that the R&R appears to have improperly considered the merits of Shelley's claims in making its recommendation to deny IFP. (*See* Aug. 13, 2009, R&R 2). IFP determinations generally are made solely on the basis of indigence, without regard to the potential merit of a complaint. *See Deutsch v. United States,* 67 F.3d 1080, 1084 n. 5 (3d Cir.1995).

filing fee. Denial of a motion to proceed *in forma pauperis* is a final order over which we have jurisdiction under 28 U.S.C. § 1291. *Sinwell v. Shapp*, 536 F.2d 15, 16 (3d Cir.1976). We review a district court's denial of a motion to proceed *in forma pauperis* for abuse of discretion. *See Bullock v. Suomela*, 710 F.2d 102, 103 (3d Cir.1983). We may take summary action if the appeal presents no substantial question. *See* 3d Cir. L.A.R. 24.7; I.O.P. 10.6.

### III.

The *in forma pauperis* statute provides that the District Court may authorize the commencement of a civil action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees ..." 28 U.S.C. § 1915(a)(1). A District Court's decision whether to grant IFP status is based solely on the economic eligibility of the petitioner. *See Sinwell*, 536 F.2d at 19. The court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*. *Deutsch v. United States*, 67 F.3d 1080, 1084 n. 5 (3d Cir.1995). Economic eligibility, however, does not require that a litigant subject himself to complete destitution to maintain

his lawsuit. *See Jones v. Zimmerman*, 752 F.2d 76, 79 (3d Cir.1985).

Shelley's IFP application was completed in full, and reflects that he is not employed, has received no income in the past twelve months, has no savings or assets, and no dependents. Although no longer incarcerated, Shelley also included an inmate account statement dated July 8, 2009, which reflects a balance of negative (-) $308.80 at the time he filed his complaint. *See* 28 U.S.C. § 1915(a)(2).[4] Shelley's application and account statement plainly satisfy the financial eligibility requirements of 28 U.S.C. § 1915(a)(1). The District Court thus abused its discretion in denying Shelley's motion to proceed *in forma pauperis*.[5]

### IV.

For the foregoing reasons, we will summarily vacate the September 10, 2009 order of the District Court and remand with instructions to grant Shelley's motions to proceed *in forma pauperis* and allow the cases to proceed.

---

4. Because Shelley was incarcerated at the time he filed his complaint, he was required to supply "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

5. Even if the District Court's denial of IFP had been proper, dismissing Shelley's complaint for failure to prosecute would have been error. Before entering a punitive dismissal, the District Court is required to make explicit findings regarding the six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869 (3d Cir.1984). *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987); *see also United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir.2003) ("We have opined that [the *Poulis* factors] must be weighed by a district court in determining whether the harsh sanction of dismissal is justified."). Here, the District Court did not make any *Poulis* analysis, nor does it appear to have considered any of the *Poulis* factors in making its decision.