BLD-166                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

10-4762
_____

BARRY E. SHELLEY,
                                    Appellant
v.

GEORGE PATRICK, Superintendent; RANDALL E. BRITTON;
NANCY SMITH, Mail Inspector Supervisor;
NORENE GREENLEAF, Corrections Health Care Administrator;
PRISON HEALTH CARE ADMIN STAFF;
ERNEST OBROCK, Dentist, PHS William Civiello;
MICHELLE DRISKEL, Corrections Counselor;
MICHELLE IVICIC, Unit Manager, Management of Units;
WILLIAM CIVIELLO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-00181)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2011
Before:  SLOVITER, JORDAN AND GREENAWAY, JR., Circuit Judges

(Opinion filed: May 5, 2011)
_____

OPINION
_____

PER CURIAM

Barry E. Shelley appeals from an order of the United States District Court for the Western District of Pennsylvania that dismissed his civil rights complaint. We will vacate the District Court's order and remand for further proceedings.

Because the parties are familiar with the case, we recount only those details necessary to understanding the present appeal. Shelley's complaint, filed in July 2009 while he was an inmate at a state prison,[1] complained of various incidents at the prison, including an allegation that his legal mail was opened improperly in 2006, and undated allegations concerning the quality of health care at the prison. In August 2009, the Magistrate Judge recommended that Shelley's motion to proceed in forma pauperis ("IFP") be denied. After the Magistrate Judge denied Shelley's motion for an extension of time to respond to the Report and Recommendation, the District Court adopted the Report and dismissed the case. On appeal, we found that Shelley was eligible for IFP status; we thus vacated the District Court's order and remanded. Shelley v. Patrick, No. 09-3947 (3d Cir. Jan. 20, 2010). In June 2010, defendant P.A. Civiello filed a motion to dismiss the complaint, as did eight individuals employed by the Pennsylvania Department of Corrections in July 2010. On October 12, 2010, the Magistrate Judge entered an order directing Shelley to respond to the motions to dismiss by October 30, 2010. On October 28, 2010, Shelley filed a "Motion for Enlargement of Time," asking the Court to enlarge

---

[1] The Magistrate Judge's Report and Recommendation in this case notes that Shelley was released from prison shortly after he filed the complaint.

the time to respond to allow him "to review records to further proceeding's [sic]."

The Magistrate Judge noted that Shelley had not responded to the motions to dismiss over a four-month period, and had not explained why he needed more time to respond. The Magistrate Judge recommended that the complaint be dismissed as a sanction pursuant to Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). The Magistrate Judge also recommended that the defendants' motions to dismiss be granted, and found that Shelley's complaint was meritless. Shelley did not file objections to the Report and Recommendation. The District Court then adopted the Report and Recommendation as the opinion of the Court, granted the defendants' motions to dismiss, denied Shelley's motion for an extension of time, and dismissed the complaint. Shelley filed a timely notice of appeal.

We review a court's decision to dismiss for failure to prosecute for abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). We evaluate the court's exercise of discretion by examining how it balanced the factors set forth in Poulis. These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Id. at 868. We examine each factor in turn.

The Magistrate Judge determined that Shelley was "completely responsible for his failure to prosecute, does not offer any excuse, and does not even have the handicap of

being in prison like the last time he abandoned a lawsuit [citation omitted]." We find that it is unclear that Shelley was "failing to prosecute" his complaint. Aside from the Magistrate Judge's order directing Shelley to respond to the motions to dismiss, and giving him about eighteen days to do so, the docket does not reflect any earlier occasion when the Court made Shelley aware of his responsibility to respond within a certain time period. Further, Shelley responded *within the time prescribed by the order*, asking to be given an extension of time to respond. It is unclear why the Magistrate Judge could not have granted a short extension of time, especially since the other factors discussed below do not warrant a dismissal.

As to the second factor, the Magistrate Judge commented on the "prejudice from having to defend the civil lawsuits that follow the criminal prosecution of plaintiff," but did not expressly examine any prejudice that had already occurred from the delay, or that would ensue from granting Shelley a short extension of time to respond to the motions to dismiss. The Magistrate Judge did not separately comment on any history of dilatoriness, but, as noted, did mention that Shelley had another case dismissed for failure to prosecute when he was in prison. However, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." Briscoe v. Klaus, 538 F.3d 252, 261 (3d Cir. 2008) (internal quotation and citation omitted). The Magistrate Judge did not examine at all the fourth factor--whether Shelley's failure to respond to the motions within the time granted was willful or in bad faith. As Shelley's first request for an extension of time was within the period granted to respond, we find it difficult to infer that his actions

4

demonstrated bad faith or willfulness. As to the fifth factor, the Magistrate Judge found that no financial sanction would be appropriate, since Shelley was proceeding IFP. We agree, but, as noted, do not agree that dismissal was proper without giving Shelley a short, final extension of time in which to respond. Finally, the Magistrate Judge found that Shelley's claims were meritless. As Shelley never had an opportunity to respond to the defendants' statements that his claims were without merit, we cannot say that this factor weighs heavily in favor of dismissal. In short, it appears, at most, that only two of the factors (Shelley's failure to substantively respond within the time ordered, and the lack of alternative sanctions) weighed in favor of dismissal; the other factors were, at the most, neutral. Because "[d]ismissal is a harsh sanction which should be resorted to only in extreme cases," see Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 148-49 (3d Cir. 1968), we hold that the Court abused its discretion here in dismissing for failure to prosecute.

We note that the District Court also granted the defendants' motions to dismiss. We agree that Shelley's complaint, as it stands, does not "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, ---U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, we decline to affirm the dismissal on that basis, as Shelley was not given the opportunity to amend his complaint following the

5

filing of the defendants' motions to dismiss.[2] See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.") (emphasis omitted).[3]

For the foregoing reasons, we will vacate the District Court's order and remand for further proceedings.

---

[2] We recognize that the Magistrate Judge's August 14, 2009 Report and Recommendation, which recommended denying Shelley's motion to proceed in forma pauperis, gave the parties notice that they could file objections within ten days, and advised Shelley that he could "amend his in forma pauperis motion to show why he is not able and will not be able to pay the filing fees, and he may amend his complaints to state a claim, file objections without amending his complaints, or both file objections and amended complaints," presumably also within the ten days. Docket # 5, at 5-6. Shelley filed a motion for extension of time within the ten days, explaining that he had not yet received "doctor reports and other documents." Docket #6, at 2. The Magistrate Judge denied his motion for extension of time without explanation. The District Court then entered the order adopting the Magistrate Judge's recommendation to deny IFP status. Because Shelley's motion for extension of time was denied, we do not believe that this was a fair opportunity to amend the complaint.

[3] We do agree, however, that Shelley's allegation of interference with his legal mail was time-barred. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (for § 1983 actions originating in Pennsylvania, Court applies two-year statute of limitations applicable to personal injury actions set forth in 42 Pa. Cons. Stat. § 5524).