DLD-229                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2281
_____

BARRY E. SHELLEY,
                                    Appellant

v.

GEORGE PATRICK, Superintendent; RANDALL E.
BRITTON, Superintendent; NANCY SMITH, Mail Inspector
Supervisor; NOREEN GREENLEAF, Corrections Health
Care Administrator; DEBRA YOUNKIN, Corrections
Health Care Administrator; PRISON HEALTH CARE
ADMIN STAFF; ERNEST OBROCK, Dentist, PHS William
Civiello; MICHELLE DRISKEL, Corrections Counselor;
MICHELLE IVICIC, Unit Manager, Management of Units;
WILLIAM CIVIELLO

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-09-cv-00181)
District Judge:  Honorable Maurice B. Cohill, Jr.

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 24, 2012)
_____

OPINION
_____

PER CURIAM

Barry E. Shelley appeals the District Court's dismissal of his amended complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

The instant case arises from Shelley's July 2009 complaint alleging violations of his Fourth and Eighth Amendment rights during his imprisonment, which has since ended. He alleged improper opening of his legal mail. He also alleged inadequate medical care for his right foot, which gave him pain, and his teeth, several of whose cavities had to be filled and several others of which had to be pulled. In June 2010, the defendants filed motions to dismiss. Shelley failed to respond to the motions to dismiss over a four-month period. He sought an extension of time to respond, but never explained why he needed more time. The District Court denied his motion for extension of time, found the claim of interference with his legal mail time-barred, and dismissed the rest of the complaint for failure to prosecute; Shelley timely appealed.

On appeal, we agreed that the claim regarding his legal mail was time-barred, and noted that Shelley's complaint, as it stood, did not state a facially plausible claim for relief. However, we declined to affirm the dismissal on that basis because Shelley had not been given the opportunity to amend his complaint after the defendants moved for dismissal. We also held that dismissal for failure to prosecute was an abuse of discretion. Accordingly, we vacated the District Court's order and remanded for further proceedings. Shelley v. Patrick, No. 10-4762 (3d Cir. May 5, 2011).

Shelley then filed an amended complaint.  Even though we had noted in our opinion that he had not stated a facially plausible claim for relief, the amended complaint provided even <u>less</u> detail than the original.  Shelley simply directed the District Court to exhibits (mostly medical records) that he asserted would explain his original claims.  Again, defendants moved to dismiss, citing failure to state a claim under Fed. R. Civ. P. 12(b)(6).  In response Shelley filed additional medical records.  The District Court granted defendants' motions to dismiss.  Shelley now appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  Our review of orders dismissing under Rule 12(b)(6) is plenary.  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008).

## III.

When considering a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, a court must accept as true all material allegations, read the complaint in the light most favorable to the plaintiff, and decide whether, under any reasonable understanding of the complaint, the plaintiff may be entitled to relief.  <u>Fleisher v. Standard Ins. Co.</u>, 679 F.3d 116 (3d Cir. 2012).  To survive such a motion, a complaint must include sufficient allegations, taken as true, to state a facially plausible claim to relief.  <u>Id.</u>

In the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need.  <u>Estelle v. Gamble</u>,

429 U.S. 97, 106 (1976). We agree with the District Court that Shelley's assertion that he suffered medical problems that defendants failed to treat, supplemented only by various medical records and bills and an employment assessment form, does not state a facially plausible claim for relief. His assertion and supplementary documentation in no way suggest deliberate indifference to a serious medical need or any actual connection to any claim against defendants.

We further conclude that because Shelley was informed that his original complaint was deficient, and was given an opportunity to cure that deficiency but filed an amended complaint containing even fewer factual allegations than the original, the District Court was correct in dismissing his complaint without providing further leave to amend.

IV.

Thus finding no substantial question raised by this appeal, we will summarily affirm the judgment of the District Court.