IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 30, 2021
SX-2010-CV-00453
TAMARA CHARLES
CLERK OF THE COURT

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

LECIA BRYAN VENTURA and
ANGEL VENTURA, JR.,

Plaintiffs,

v.

VIRGIN ISLANDS HOSPITAL and HEALTH
FACILITIES CORPORATION, et al.[1]

Defendants.

CASE NO.: SX-2010-CV-00453

ACTION FOR DAMAGES

(JURY)

VI SUPER 92U

**Yohana M. Manning, Esq.**
MANNING LEGAL SERVICES, PC
Christiansted, VI
*Attorney for Plaintiffs*

**Royette V. Russell, Esq., AAG**
VIRGIN ISLANDS DEPARTMENT OF JUSTICE
Kingshill, VI
*Attorney for Defendants*

**BRADY, Douglas A., Judge**

### MEMORANDUM OPINION and ORDER

¶1    Before the Court is Defendants' Motion to Dismiss pursuant to Virgin Islands Rules of Civil Procedure 41(b) for failure to prosecute, filed April 21, 2021; Plaintiffs Lecia Bryan Ventura and Angel Ventura's Opposition, filed May 14, 2021; and Defendants' Reply, filed May 18, 2021. For the reasons that follow, Defendants' Motion will be denied.

---

[1] The Complaint names the Governor Juan F. Luis Hospital and Medical Center and Virgin Islands Hospital and Health Facilities [Corporation], among others, as Defendants. The Supreme Court has reviewed the governing statute, the Virgin Islands Government Hospitals and Health Facilities Corporation Act, 19 V.I.C. §§ 240-249, and determined that "without some indication in the governing statutory framework, there is no reason to believe that the Legislature intended to subject JFL Hospital to suit. The Legislature, by largely referring to JFL Hospital as a mere 'facility' and declining to recognize it — as opposed to the VIHHFC — as a 'public corporation' with authority to 'sue and be sued,' did not evidence an intent to subject JFL Hospital to suit.... Therefore, we conclude that JFL Hospital is not a separate entity subject to suit and must be dismissed from this case." *Juan F. Luis Hosp. & Med. Ctr., & Gov't of the V.I. v. Titan Med. Group, LLC*, 69 V.I. 873, 885-86 (V.I. 2018). Although the present Motion seeks dismissal on other grounds, the Court will dismiss the action against named Plaintiff Governor Juan F. Luis Hospital and Medical Center as it "is not a separate entity subject to suit and must be dismissed from this case." *Id.* The caption is amended accordingly.

## Background

¶2     The Complaint in this action was filed October 20, 2010. The individually named Defendants filed their Answer December 15, 2010 and Defendant Governor Juan F. Luis Hospital and Medical Center filed its Answer February 4, 2011, followed by Defendants' written discovery to Plaintiffs served in February and March 2011. The Court's electronic file reflects the filing of no responses to that discovery, nor any substantive activity initiated by either party over the next several years.

¶3     The parties jointly filed their Report of the Parties' Rule 26(f) Planning Meeting and Proposed Scheduling Order on June 23, 2015. Plaintiffs filed their Rule 26(a) Disclosures November 20, 2015 and on January 15, 2016 served their first set of written discovery on Defendants. By Stipulation filed May 17, 2016, new counsel appeared for Defendants. Defendants' third counsel filed her Notice of Appearance September 14, 2016. Upon Plaintiffs' original counsel's ascension to the bench, current counsel appeared for Plaintiffs by Stipulation filed October 12, 2016. By Order entered October 24, 2016, final pretrial conference and jury selection and trial were scheduled for May 2, 2017 and May 15, 2017, respectively, and counsel for both sides were ordered to meet and confer and to submit within 14 days a proposed revised scheduling order, maintaining the trial date and including a date for the completion of mediation on or before April 10, 2017.

¶4     The parties filed nothing. At the scheduled May 2, 2017 pretrial conference, a fourth different attorney, without noting an appearance, appeared for Defendants. Plaintiff's counsel failed to appear or otherwise notify the Court. By Order of that date, the pretrial conference was continued to May 8, 2017 at which time Plaintiff's counsel was required to show cause why he should not be held in civil contempt for failing to appear at the scheduled conference, and why the case should not be dismissed for failure to prosecute pursuant to Rule 41(b). At the conference, Defendants' fifth counsel appeared. Plaintiff's counsel provided proof that he was then involved in a multi-defendant criminal conspiracy case in the District Court and moved for continuance of the trial date. That motion was granted and by Order of May 8, 2017, the case was continued for final pretrial conference and trial on August 31, 2017 and September 18, 2017, respectively. Counsel was given an extension until May 12, 2017 to file his written response to the show cause

order pursuant to Rule 41(b). The order to show cause concerning the potential civil contempt finding was vacated. The written response to the show cause order was filed May 16, 2017 and included an analysis of the *Halliday/Poulis* factors to be considered with regard to dismissal for lack of prosecution under Rule 41(b).

¶ 5     The parties submitted a joint proposed scheduling plan maintaining the September 18, 2017 trial date that was accepted by the Court on May 23, 2017.[2] Plaintiffs filed a medical expert's report on August 2, 2017. At the August 31, 2017 pretrial conference, Defendants' counsel advised that formal mediation was needed and the parties agreed to mediate by September 25, 2017. The Court removed the case from the trial calendar, indicating that if mediation were unsuccessful, trial would be rescheduled to take place that same calendar year.

¶ 6     Following the passing of the hurricanes of September 2017, by Order dated January 2, 2018, the deadline for the completion of mediation was extended to January 31, 2018. No request for relief from that Order was filed by any party, yet no report of mediation was filed. On March 12, 2018, Defendants propounded additional written discovery to Plaintiffs.

¶ 7     Another 18 months passed with no activity by any party, prompting the Court's *sua sponte* Order of September 11, 2019 referring the case to mediation before Senior Sitting Judge Donohue, to be completed and reported upon by October 31, 2019, and setting a status conference for November 7, 2019. By Motion for Relief from Order, Defendants' sixth counsel sought an order vacating the mediation deadline and permitting the parties to submit another proposed scheduling order as "absolutely no discovery has been completed in this matter beyond initial disclosures." By October 10, 2019 Order, the Court did not move the November 7, 2019 status conference but did vacate its prior Order and required the parties to submit a proposed scheduling order within 10 days. Neither party filed anything.

¶ 8     By Emergency Motion filed October 30, 2019, Plaintiffs' counsel sought an order continuing the November 7, 2019 status conference, citing conflicts with two scheduled criminal trials. Defendants raised no objection. By Order of November 14, 2019, the Court granted the Emergency Motion, set the status conference for March 12, 2020, required the parties within 21

---

[2] There is nothing in the Court's electronic file reflecting any position taken by Defendants as to the Rule 41(b) issue. There is also no order following Plaintiffs' response to the show cause order regarding their failure to prosecute. By implication, the show cause order was vacated as the Court entered the scheduling order keeping the trial date in place.

days to meet and confer and to report to the Court on, among other things, a plan for addressing any outstanding discovery, and further required the parties to complete mediation by February 28, 2020. By Stipulation for Substitution filed November 15, 2019, Defendants' seventh different counsel appeared.

¶ 9    The parties submitted a joint proposed scheduling order on November 22, 2019, adopted by the Court in Scheduling Order entered December 6, 2019, keeping in place the dates for mediation and status conference, noting that the trial date would be set at the status conference.

¶ 10    On December 11, 2019, Defendants filed their Motion to Compel seeking for the first time an order compelling Plaintiffs to respond to the written discovery served almost nine years earlier, in February and March 2011. Without opposition, the Court entered an Order January 8, 2020 requiring Plaintiffs to respond to the referenced discovery within 20 days. By March 3, 2020 Motion, Defendants sought to continue the March 12, 2020 status conference. By Notice of Status, filed March 4, 2020, Defendants advised that Plaintiffs failed to comply with the Order compelling discovery responses, but sought no sanctions or other action by the Court. By Order filed March 11, 2020, the Court continued the status conference to June 4, 2020 and required the parties to complete mediation and to report results on or before May 25, 2020. By *sua sponte* Order of May 29, 2020, the mediation deadline was extended to September 29, 2020 and the status conference was continued to October 8, 2020.

¶ 11    By Order of October 9, 2020, following the status conference of the prior day, Plaintiffs were ordered to respond to all outstanding discovery within 7 days, following which Defendants were to meet and confer with Plaintiffs' counsel concerning responses deemed insufficient and to file an appropriate motion if perceived deficiencies were not cured. Mediation was to be completed with report to the Court by January 31, 2021. Neither party filed anything.[3] By Order of February 23, 2021, both parties were required to report the results of ordered mediation within 21 days. Neither counsel complied. By *sua sponte* Order filed April 6, 2021, Plaintiffs were required for

---

[3] Although the October 9, 2020 Order sought Defendants' appropriate motion in the event responses filed were deemed inadequate, Defendants filed nothing. In their present Motion, Defendants concede that Plaintiffs did respond to discovery requests on October 20, 2020, but that those responses "were woefully inadequate in that all inquiries were responded with 'Will Supplement.'" Motion, at 2. On October 22, 2020, Defendant "Government of the Virgin Islands" filed Notice of Service of its Second (sic) Request for Production of Documents to Plaintiffs. The Court's docket reflects no service by Plaintiffs of responses to that Request for Production.

the second time to show cause in writing within 21 days why their case should not be dismissed for failure to prosecute and for failure to comply with repeated orders of the Court. Plaintiffs filed their Reply to Order to Show Cause on April 20, 2021, wherein counsel cited personal, family, and professional difficulties requiring off-island travel and revisions to management of his law office and practice. Defendants filed their instant Rule 41(b) Motion to Dismiss the following day.

### Discussion

¶ 12    The Virgin Islands Rules of Civil Procedure provide as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subpart (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

V.I. R. Civ. P. 41(b).

¶ 13    In *Halliday v. Footlocker Specialty Inc.*, the Supreme Court of the Virgin Islands held that the Superior Court may not dismiss an action for failure to prosecute unless an analysis of the six "*Poulis* factors" "strongly weigh in favor of dismissal as a sanction." 53 V.I. 505, 511 (V.I. 2010); *see also Molloy v. Independence Blue Cross*, 56 V.I. 155, 185-86 (V.I. 2012).[4] Those factors originally espoused by the Third Circuit Court of Appeals require the trial court to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). It is not necessary that all factors weigh in favor of dismissal, however "the court must explicitly consider all six factors, balance them, and make express findings." *Molloy*, 56 V.I. at 186. Dismissal for failure to prosecute is a serious sanction, which is reserved for extreme cases. *Shelley v. Patrick*, 427 Fed. Appx. 66, 69 (3d Cir. 2011).

---

[4] These cases interpreted Fed. R. Civ. P. 41(b), as previously applicable per Superior Court Rule 7. Following the March 31, 2017 implementation of the Virgin Islands Rules of Civil Procedure, such motions are now governed by the identical V.I. R. Civ. P. 41(b). Thus, precedent interpreting the federal rule is equally applicable to the interpretation of V.I. R. Civ. P. 41(b).

The Motion is determined upon review of the *Halliday/Poulis* factors, as follows:

## 1. The extent of Plaintiffs' personal responsibility.

¶ 14    This question turns on to what degree Plaintiffs themselves, as opposed to their counsel, bear responsibility for the lack of prosecution, recognizing that "a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis*, 747 F. 2d at 868. *Poulis* guides under the assumption that plaintiffs want to pursue their claims. There is nothing in the record to reflect that Plaintiffs are personally responsible for the inordinate delays in the prosecution of their case. Although laypersons as clients necessarily rely upon counsel for the prosecution of their claims, the clients bear the ultimate responsibility for moving their case forward.

¶ 15    "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v Wabash*, 370 U.S. 626, 633-34 (1962) (citation omitted). "Clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Services Co. v Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 396 (1993). The Superior Court has recognized similarly that "at some point the responsibility becomes that of the client's to ensure that the case is progressing." *Sanchez v Hughes*, 2011 V.I. LEXIS 16 at *6 (V.I. Super. 2011).

¶ 16    In this matter, there is no satisfactory excuse for the passage of more than a decade without resolution of Plaintiffs' claims. Even though there is no indication that Plaintiffs personally acted to delay the matter, such an inordinate delay in Plaintiffs' pursuit of their case, including the passing of numerous court-established deadlines and failure to comply with multiple orders, must ultimately be charged against Plaintiffs, and the Court finds that this factor weighs moderately in favor of dismissal.

## 2. Prejudice to the opposing party.

¶ 17    Prejudice to the opposing party is generally demonstrated by either increased expense to the opposing party in the form of extra costs incurred relative to responding to the dilatory party's

behavior, or by the increased difficulty experienced by the opposing party in presenting or defending the claims in issue due to the improper behavior and delays. *See Molloy,* 56 V.I. at 189. Here, Defendants claim prejudice by stating, with no specificity or details, that "some defendants have left the Territory, witnesses have likely relocated and the events/facts at issue are now a distant memory." Further, Defendants argue that because of Plaintiffs' inaction, "discovery is largely incomplete" and Defendants' ability to defend the claims against them have been severely hampered on account of the lack of involvement and participation by Plaintiffs and counsel.[5]

¶ 18    Prejudice to Defendants is inevitable with undue delay, which generally "could cause memories to fade and perceptions of events to be altered." *Watts v. Two Plus Two,* Inc., 54 V.I. 286, 292 (V.I. 2010). Here, Plaintiffs' inactivity has no doubt prejudiced Defendants' ability to defend against Plaintiffs' inexcusably aged claims. However, Defendants have largely failed to take advantage of rules and procedural mechanisms available to them to require Plaintiffs' diligent prosecution. Rather, although the obligation to move this case ultimately rests with Plaintiffs, Defendants have, at best, been unwitting allies by failing to insist, through multiple attorneys, upon compliance with discovery and scheduling orders and by sitting idly by permitting Plaintiffs' claims to linger without resolution.

¶ 19    While Defendants are clearly prejudiced by the lack of action by Plaintiffs to move their claims, Defendants have cited no specific manner by which their ability to present trial evidence has been prejudiced. Defendants' complicity in the delays by failing to take available steps to insure timely adjudication of the case detracts from their present claims of prejudice. This factor weighs moderately in favor of dismissal.

### 3. History of dilatoriness.

¶ 20    Here, Plaintiffs have engaged in a history of dilatoriness such that "litigation has been characterized by a consistent delay." *Poulis,* 747 F.2d at 868. Conduct that merely occurs once or twice does not demonstrate a history of dilatoriness. *Briscoe v. Klaus,* 538 F.3d 252, 261 (3d Cir. 2008). Rather, it is "[e]xtensive or repeated delay or delinquency [that] constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in

---

[5] Motion, at 3.

complying with court orders." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir. 1994).

¶ 21    The factual background set forth above demonstrates consistent, extensive and repeated delays and dilatory behavior on behalf of Plaintiffs acting through their retained counsel. In fact, Defendants' present Motion, together with the Court's previous *sua sponte* Orders, represents the third (and final) time that Plaintiffs have been required to justify under Rule 41(b) why their case should be permitted to go forward in light of their history of dilatoriness. In response to the Motion, Plaintiffs raise the shield of Defendants' supposed "unclean hands," claiming that counsel has conferred with defense counsel "more than a dozen times about moving this case forward," especially seeking on multiple occasions to set a date for mediation.[6]

¶ 22    This case is the poster child of dilatoriness, ultimately and primarily of Plaintiffs, but also of Defendants, who have seen it necessary to have seven different attorneys defend their interests, without vigor, throughout the years the case has been pending. In light of the parties' respective histories of dilatoriness in prosecuting and defending the action, this factor weighs moderately in favor of dismissal.

### 4. Whether conduct of Plaintiffs or their attorney was willful or in bad faith.

¶ 23    The evaluation of whether to dismiss this action for failure to prosecute requires the Court to examine whether Plaintiffs or their counsel has engaged in willful or flagrantly bad faith behavior. *See Poulis,* 747 F.2d at 868. "Willfulness involves intentional or self-serving behavior." *Adams,* 29 F.3d at 875. Specific evidence in the record must be found that justifies a determination of willfulness or bad faith. *See Molloy,* 56 V.I. at 192. When there is no evidence of willfulness on the record, the Court "must presume that [a party's] failure to respond to the prompting order was not willful and that this factor also does not favor dismissal." *Id.* at 174.

¶ 24    A review of the record of this case, notwithstanding substantial evidence of dilatoriness, neglect and failure to follow procedural rules and requirements, reveals no specific evidence of intentional or self-serving behavior rising to the level of willfulness or bad faith on behalf of Plaintiffs or counsel. Indeed, the moving Defendants concede that "there is no evidence that the

---

[6] Opposition, at 1, 2.

lack of activity in this case is due to bad faith."[7] In these circumstances, Plaintiffs' conduct in pursuing their claim in a woefully slothful manner is not considered willful or in bad faith, such that this factor weighs against dismissal.

### 5. Availability of alternative sanctions or conditions.

¶ 25    Dismissal is a sanction of last resort, and courts must look to effective alternative methods of sanctioning dilatory litigants before ordering dismissal for failure to prosecute. "Dismissal must be a sanction of last, not first, resort." *Poulis,* 747 F.2d at 869. "The court should consider whether a lesser sanction would better serve the interests of justice." *Guyer v. Beard,* 907 F.2d 1424, 1429-30 (3d Cir. 1990).

¶ 26    In the instant case, there has been a consistent failure of Plaintiffs to take appropriate action to prosecute their claims over the past decade. Yet, despite the consistency of Plaintiffs' inactivity, it is not accurate, as Defendants allege, "that plaintiff[s] ha[ve] abandoned the case."[8] Further, it is well established that decisions on the merits of matters in dispute are universally favored. "In keeping with the intent and spirit of the rules of the Superior Court governing pleadings and amendments, decisions on the merits are favored, and dismissal of claims 'on the basis of such mere technicalities' are to be avoided." *Toussaint v. Stewart,* 67 V.I. 931, 947 (V.I. 2017) (citing *Foman v. Davis,* 371 U.S. 178, 181 (1962)) (*see also* cases cited at 67 V.I. 947 n.13)

¶ 27    Here, where Plaintiffs actively resist Defendants' Motion to Dismiss and vigorously, if not wholly convincingly, argue that they have not failed to prosecute their claims, the Court is loath to deprive Plaintiffs of their day in court if there are appropriate alternate sanctions or other conditions that may be imposed to make certain that all delays have concluded and there will be no more resulting prejudice to Defendants. While the imposition of monetary sanctions against Plaintiffs or their counsel is neither sought nor helpful, it does appear that by the imposition of specific timelines and conditions leading to the conclusion of the litigation the goals of a merits-based determination without further unwarranted delay can be achieved. For that reason, this factor weighs strongly against dismissal.

---

[7] Motion, at 3.
[8] *Id.*

## 6. Meritoriousness of Plaintiff's claim.

¶ 28 "In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis,* 747 F.2d at 869–70. Plaintiffs' Complaint alleges that Defendants were negligent in failing to properly diagnose and treat Plaintiff Bryan Ventura's condition while hospitalized at the Juan F. Luis Hospital; and that Defendants' failure to clean and disinfect the hemodialysis unit caused Plaintiff Bryan Ventura to contract leginonella pneumophia from bacteria and contaminants in the water.[9] Defendants deny the allegations.

¶ 29 While the record does not give rise to any inference concerning the merit of Plaintiffs' allegations, Plaintiffs have pled facts that, if established at trial, might support a jury's finding that Defendants breached the duty of reasonable care to Plaintiffs, proximately causing their damages, and resulting in a finding of liability and recovery for Plaintiffs. At this stage, the allegations of the Complaint are deemed sufficiently meritorious such that this factor weighs against dismissal.

¶ 30 Having examined the *Poulis/Halliday* factors to determine whether the extreme sanction of dismissal is proper, the Court finds that three factors moderately favor dismissal, two factors weigh against dismissal and one factor weighs strongly against dismissal. As such, the Court will not dismiss the action on Defendants' present Motion for failure to prosecute as the balancing of the six "*Poulis* factors," while very close on the question, does not "strongly weigh in favor of dismissal as a sanction." *Halliday,* 53 V.I. at 511.

¶ 31 Defendants' Motion fails at this time only because conditions can be imposed and are set forth herein to assure that the case will proceed to its conclusion without further delay. In light of the foregoing, it is hereby

ORDERED that Defendants' Motion to Dismiss is DENIED without prejudice. It is further

ORDERED that counsel shall meet and confer and shall jointly present to the Court in writing **within 21 days** of the date of this Order a proposed **Final Scheduling Order**, to include: date by which all written discovery will be completed, including supplementation of written

---

[9] Complaint, ¶¶ 13-16.

discovery previously exchanged; date by which all party and fact witness depositions will be completed; date by which all expert reports will be finalized and exchanged, and all expert witness depositions completed; and date by which mediation will be completed, with the report of results to be filed within 10 days of its conclusion. It is further

ORDERED this matter is scheduled for **Jury Selection and Trial** to commence on **Monday, March 14, 2022, at 9:00 a.m.**, in Courtroom No. 211, with **Final Pretrial Conference** scheduled for **Thursday, February 24, 2022, at 9:00 a.m.**, via Zoom. These are peremptory dates, and no continuances will be granted absent medical or other emergency. It is further

ORDERED that Plaintiffs' counsel shall take the lead and all counsel shall cooperate in the preparation of a proposed **Final Pretrial Order** pursuant to V.I. R. Civ. P. 16-1 and Form 16-B, to be signed by all counsel and filed with the Court not later than **February 18, 2022**, which will be entered by the Court at or following the Final Pretrial Conference and shall govern the conduct of the trial of the case. It is further

ORDERED that all dates set forth herein shall be strictly enforced, and any party's failure to comply with such dates may result in the imposition of sanctions, up to and including striking pleadings in whole or in part and/or dismissing the action in whole or in part.

DATED: August __30__, 2021.

DOUGLAS A. BRADY, JUDGE

ATTEST:
TAMARA CHARLES
Clerk of the Court,

By: _____
Court Clerk ~~Supervisor~~ II
8/30/2021